### EZRA L. POST *vs.* ROSWELL D. PERKINS.

Third Judicial District, Bridgeport, April Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An answer containing allegations which constitute a good defense is not demurrable though it may be improperly evidential.

Whether a boundary is lost and uncertain or not is a question of fact, whose determination by a committee is conclusive upon the trial court and also on appeal, unless it appears that the committee in reaching his conclusion committed some error of law.

Having found that the boundary in question is neither lost nor uncertain, the committee should not proceed to establish or define it; but if his report does purport to do that, the recital to that effect is mere surplusage and harmless.

A claim which is not covered by the assignment of errors and which does not appear to have been made in the court below, is not reviewable on appeal.

It is not necessary for the court, in an action to establish a lost or uncertain boundary, to determine whether it is in fact lost or uncertain prior to the appointment of a committee to hear and report the facts. Such question may properly be referred to the committee with the other issues.

The failure of the parties to agree as to the location of the boundary is of no consequence if the committee finds that it is not, and never was, lost or uncertain.

A party who claims that the committee has omitted to find facts material to the issue before him, should move to recommit the report for a further finding.

Submitted on briefs April 9th—decided May 8th, 1913.

ACTION to establish an alleged lost and uncertain boundary line between adjoining proprietors, brought to the Superior Court in New Haven County where a demurrer to the answer was overruled (*Bennett, J.*) and the cause was afterward referred to a committee who found and reported the facts; the court, *Greene, J.*, accepted the report and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*Prentice W. Chase*, for the appellant (plaintiff).

*Oswin H. D. Fowler*, for the appellee (defendant).

RORABACK, J. It was conceded that the plaintiff and defendant own adjoining house lots on the westerly side of Main Street in Wallingford, that the plaintiff purchased his lot in 1903, and the defendant acquired title to his property in 1905.

The plaintiff in his complaint alleged that the boundary line between his property and that of the

defendant had become lost and uncertain, and that they could not agree upon the location thereof.

The answer denies these averments of the complaint, and further states, in substance, that the boundary line in question had been known and undisputed for more than sixty years; that an old fence which had formerly marked the boundary line had been removed and new monuments had been erected to designate its location; that the line represented by these marks had been agreed upon as the boundary line between the parties; that this line had been known and used as the boundary line by the plaintiff and defendant and their predecessors in title for more than sixty years.

The demurrer to the answer was properly overruled. The answer was improperly evidential, but contained allegations which constituted a good defense to the plaintiff's alleged cause of action.

In remonstrating against the acceptance of the report, the plaintiff set up that the committee failed to find that the boundary line in question had become lost and uncertain; that the plaintiff had endeavored to agree with the defendant as to the true location of the boundary line and had been unable to do so.

These were questions of fact which were in issue between the parties. The committee found directly against the claims of the plaintiff as to the bounds being lost and uncertain.

This finding was conclusive upon the trial court and upon appeal, unless it appears that the committee, in reaching his conclusion, committed some error of law. This does not appear.

The report of the committee, after stating facts which showed that the bounds in question were neither lost nor uncertain, and that they existed as they were located and particularly described by the defendant in the answer, proceeded as follows: "And therefore, I

establish the boundary line as the line from the iron pipe now set in the ground on the westerly side of Main Street near the sidewalk and near to the easterly end of the driveway into the barn on the premises of the defendant, thence westerly in a straight line to the other iron pipe as now set in the ground about one hundred feet westerly from the aforesaid iron pipe and near the northeast corner of the barn on the premises of the defendant, thence westerly along the existing fence on the south of the plaintiff's premises and on the north of the defendant's premises to the western extremity of said fence."

The committee should not have proceeded to establish a boundary which was not lost, in the same place which he had found that it already existed. This addition was immaterial, as the report of the committee would have had the same effect without so expressly finding. Such a recital, however, was mere surplusage, and worked no injury to the appellant.

It is now claimed by the appellant that the Superior Court should have determined whether or not the boundary line between the parties had become lost or uncertain prior to the appointment of a committee. This claim is not within the reasons of appeal, and it does not appear that it was made in the court below. It has also been decided by this court that it is not necessary for the court, on a preliminary hearing, to determine whether there is in fact a lost or uncertain boundary, but this question may properly be referred to the committee with the other issues presented in the case. *West Hartford Eccl. Soc.* v. *First Baptist Church,* 35 Conn. 117.

It is made a reason of appeal that the facts stated in the report of the committee did not support the judgment rendered. As stated, it appears that the committee, in effect, found that the boundary line was not

and never had been lost or uncertain. The fact that this vital issue was found against the plaintiff was a sufficient ground for the dismissal of his complaint. The committee having found this allegation in the plaintiff's complaint untrue, it was immaterial, for the purpose of the defendant's case, whether it appears that he had failed to agree with the plaintiff as to the true location of the boundary line in question.

If the plaintiff wished to raise the question that the committee had omitted to find facts material to his case, he should have made a motion to recommit to the committee for a further finding. This was not done.

Other questions referred to in the appeal do not call for consideration, as they are not supported by the record.

There is no error.

In this opinion the other judges concurred.